ORIGINAL
D£F
C/M

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
ERIC CASEY,

               Petitioner,

   -against-

JOHN BURGE, Superintendent, Auburn
Correctional Facility,

               Respondent.
-------------------------------------------------------------x

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT, E.D.N.Y.
★ JAN 0 9 2006 ★
BROOKLYN OFFICE

**MEMORANDUM AND ORDER**
Case No. 04-CV-166 (FB)

*Appearances:*
*For the Petitioner:*
ERIC CASEY, *pro se*
95-A-8346
Attica Correctional Facility
Box 149
Attica, New York 14011-0149

*For the Respondent:*
CHARLES J. HYNES, ESQ.
District Attorney, Kings County
By: SCOTT J. SPLITTGERBER, ESQ.
Assistant District Attorney
350 Jay Street, 20th Floor
Brooklyn, NY 11201

**BLOCK, Senior District Judge:**

       Eric Casey ("Casey"), proceeding *pro se*, petitions the Court for a writ of *habeas corpus* pursuant to 28 U.S.C. § 2254. On March 28, 2005, the Court directed Casey to clarify whether his petition should be construed as challenging a 1991 conviction for third-degree robbery or an unrelated 1995 conviction for first-degree robbery. As the Court explained, if the petition is construed as a challenge to the 1991 conviction, Casey must demonstrate that he was still "in custody" pursuant to that conviction when he filed the petition. *See* Mem. & O. of Mar. 28, 2005, at 3 (citing 28 U.S.C. § 2254(a) and *Lackawanna County Dist. Attorney v. Coss*, 532 U.S. 394 (2001)). If construed as a challenge to the 1995

conviction, the petition must be transferred to the circuit court as a successive petition. *See id.* at 4 (citing 28 U.S.C. § 2244(b)(3)).

In response to the Court's March 28 Memorandum and Order, Casey disavows any intent to challenge the 1995 conviction and asks the Court to construe the petition as challenging only the 1991 conviction. He argues that he satisfies the "in custody" requirement because when he filed the petition "the following aspects of the sentence imposed by the March 25, 1991, judgment [of conviction] had not fully expired: the mandatory surcharge, crime victim assistance fee, restitution and fine," Pet'r's Affirmation, ¶ 6; he has provided no evidence of the amount of these alleged monetary obligations.[1]

On its own initiative, the Court obtained the Certification of Disposition ("COD") of the state-court criminal proceedings.[2] According to the COD, Casey's sentence consisted solely of one to three years' imprisonment, which, as indicated in the March 28 Memorandum and Order, expired long before Casey filed the present *habeas* petition. The

---

[1] During the relevant time period, state law set the amount of the mandatory surcharge at $100, *see* N.Y. Penal L. § 60.35 (1990), and the amount of the crime victim assistance fee at $2. *See id.* At the time, these fees could be waived if they "would work an unreasonable hardship on the person convicted or his or her immediate family." N.Y. Crim. Proc. L. § 420.35 (1990); under current law, such waivers are available only to youthful offenders. *See id.* (2005).

[2] A COD is an "official court document that indicates the current status of a case or its final disposition." http://www.courts.state.ny.us/courts/nyc/criminal/glossary.shtml (last visited Jan. 6, 2006). As such, the Court may take judicial notice of it. *See, e.g., Gibson v. City of New York*, 1998 WL 960303, at *3 (E.D.N.Y. Dec. 9, 1998). A copy of the COD is appended to this Memorandum and Order.

COD makes no reference to any mandatory surcharge, crime victim assistance fee, restitution or fine, thus refuting Casey's contention that they were imposed.[3]

Even assuming that Casey was subject to a mandatory surcharge, crime victim assistance fee, restitution and fine, he has still failed to demonstrate that he was "in custody" when he filed his *habeas* petition. Being subject to the mandatory surcharge and crime victim assistance fee does not constitute "custody." *See Allen v. West*, 2005 WL 911462, at *2 (S.D.N.Y. Apr. 20, 2005). Similarly, "[s]everal circuits have held that neither a fine nor an order of restitution amounts to custody." *Kaminski v. United States*, 339 F.3d 84, 87 (2d Cir. 2003) (citing *Barnickel v. United States*, 113 F.3d 704 (7th Cir. 1997), and *United States v. Michaud*, 901 F.2d 5 (1st Cir. 1990)); *see also Obado v. State of New Jersey*, 328 F.3d 716, 718 (3d Cir. 2003). The Second Circuit has not "as yet foreclosed the possibility that a restitution order [or, presumably, a fine] might entail a sufficiently severe restraint on liberty, not shared by the public at large, as to amount to a form of custody," *id.*; however, Casey, who bears the burden of proving that he satisfies the "in custody" requirement, *see Lackawanna County*, 532 U.S. at 401, has provided no evidence of the amount of the fine and restitution order that he alleges were imposed.

Since Casey has not shown that he was "in custody" pursuant to his 1991 conviction when he filed the present *habeas* petition, the Court lacks jurisdiction to entertain the petition; accordingly, the petition is dismissed. Because Casey has failed to make a

---

[3]In response to a telephone inquiry, the state court's clerk's office informed the Court that such monetary obligations, had they been imposed, would have been included on the COD.

3

substantial showing of the denial of a federal right, a certificate of appealability will not issue. *See* 28 U.S.C. § 2253.

**SO ORDERED.**

/s/ Frederic Block
FREDERIC BLOCK
United States Senior District Judge

Brooklyn, New York
January 6, 2006

4

SUPREME COURT OF THE STATE OF NEW YORK        NO FEE
KINGS COUNTY
360 ADAMS STREET
BROOKLYN, NY 11201

CERTIFICATE OF DISPOSITION INDICTMENT

DATE: 01/03/2006                    CERTIFICATE OF DISPOSITION NUMBER: 3620

PEOPLE OF THE STATE OF NEW YORK     CASE NUMBER:              05767-90
              VS.                   LOWER COURT NUMBER(S):    90K029030
                                    DATE OF ARREST:           05/11/1990
                                    ARREST #:                 K90028467
                                    NYSID #:                  6034321N
                                    DATE OF BIRTH:            09/01/1971
CASEY, ERIC                         DATE FILED:               05/23/1990

_____
       DEFENDANT

I HEREBY CERTIFY THAT IT APPEARS FROM AN EXAMINATION OF THE RECORDS
ON FILE IN THIS OFFICE THAT ON 07/17/1990 THE ABOVE NAMED DEFENDANT WAS
CONVICTED OF THE CRIME(S) BELOW BEFORE JUSTICE MARANO, L THEN A
JUSTICE OF THIS COURT.

ROBBERY 3rd DEGREE PL 160.05 00 DF

THAT ON 03/25/1991, UPON THE AFORESAID CONVICTION BY PLEA THE HONORABLE
MARANO, L THEN A JUDGE OF THIS COURT, SENTENCED THE DEFENDANT
TO

ROBBERY 3rd DEGREE PL 160.05 00 DF
IMPRISONMENT = 1 YEAR(S) TO 3 YEAR(S)


IN WITNESS WHEREOF, I HAVE HEREUNTO SET MY HAND AND AFFIXED MY
OFFICIAL SEAL ON THIS DATE 01/03/2006.
                                    NANCY T. SUNSHINE
                                    Kings County Clerk

                                    _____
                                          COURT CLERK